COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Humphreys and Beales


WILLARD R. MEADOWS

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2648-07-3                             PER CURIAM
                                                    SEPTEMBER 16, 2008
DANIEL W. SMITH


                     FROM THE CIRCUIT COURT OF GILES COUNTY
                                Brett L. Geisler, Judge

              (Willard R. Meadows, *pro se*, on brief).

              No brief for appellee.


        Willard R. Meadows appeals from an order of the trial court entered on October 11, 2007

finding him in contempt of court for violating previous orders of the court.  On appeal, Meadows

argues the trial court erred by:  (1) finding the evidence was sufficient to show he was in contempt

of prior court orders; (2) reopening Chancery Case No. 5658; and (3) not granting him the right to

subpoena witnesses.  Upon reviewing the record and opening brief, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the trial court's decision.  See Rule 5A:27.

        Meadows' opening brief contains no argument, principles of law, or authorities related to

his Questions Presented Nos. I and III.  In Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d

311, 317 (2008), the Supreme Court announced that when a party's "failure to strictly adhere to

the requirements of Rule 5A:20(e)" is significant, "the Court of Appeals may . . . treat a question

presented as waived."  We find Meadows' failure to comply with Rule 5A:20(e) is significant.

Accordingly, Questions Presented Nos. I and III are waived.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In Question Presented No. II, Meadows asserts the trial court erred by reopening Chancery Case No. 5658 "for a water right from Meadows' land," asserting that the original complainants lost their water rights in a prior case. However, the October 11, 2007 order states that Meadows was found in contempt because he violated previous court orders "by preventing and/or impeding [Daniel W. Smith] from inspecting, maintaining and/or repairing the water supply system located on [Meadows'] property." Therefore, the trial court did not reopen the case to grant Smith water rights from Meadows' land. Accordingly, Meadows' argument is without merit.

On May 13, 2008, Meadows filed an objection and requested that this Court reconsider its order of April 28, 2008 denying his request that we return the record to the trial court. Upon reconsideration thereof, the request is denied.

Accordingly, we affirm the trial court's decision.

<u>Affirmed.</u>